PATRICK H. EARLY, Appellant, *vs.* LAWRENCE REED and THOMAS CALLIGAN, Respondents.

1. *Right given by railroad to transfer freight, etc.—Assignment of, when lawful —Repudiation of by railroad.*—A contract with a railroad under which one has the right to transfer freight and passengers across a river, may be assigned with the consent of the company, and its assignment is a good consideration for a note. If the company repudiate the assignment, that fact may be set up as a defense to the note; but if the defense be traversed by replication, judgment for defendant, without testimony, is error.

## *Appeal from Buchanan Circuit Court.*

*Bennett Pike with L. E. Carter,* for Appellant, contended, among other points urged, that the contract assigned was not founded merely on personal trust and confidence; and that the case of Lansden vs. McCarthy, (45 Mo., 106) was not applicable; and also that the assignment was accepted by the company, and that defendant went forward and did the work authorized under it.

*W. H. Sherman,* for Respondents.

I. The position of Early under the contract imposed upon him, when required to perform them, duties of great trust and reponsibility. It is a personal contract, and was not assignable. (Lansden vs. McCarthy, 45 Mo., 106 ; Leahey vs. Dugdale, 27 Mo., 439; Robson vs. Drummond, 2 B. & Ad., 303 ; Flint & C. R. R. Co. vs. Dewey, 14 Mich., 477.) See also opinion of Lord Abinger, who discusses this principle in Gibson vs. Carruthers, 8 M. & Welsby, 343 ; 2 Chit. Contr., [11 Am. Ed.] p. 1363.

The contract is not made with Early "and his assigns."

II. The contract is void for want of mutuality. The railroad does not contract to furnish Early with employment, or to require his services. He has merely a possibility of employment. (I Chit. Contr., 11 Am. ed., 20 *et seq.* ; Tucker vs. Woods, 12 Johns. 190 ; 3 Seld., 349 ; Erwin vs. Gordon, 49 N. H., 444, 457 ; 1 Chit. Pl., 297.) Such a possibility is not the subject of an assignment. (Mulhall vs. Quinn, 1 Gray, 105.)

WAGNER, Judge, delivered the opinion of the court.

The only question in this case is, whether the court decided rightly in giving judgment in favor of the defendant on the pleadings.

The action was brought on two promissory notes, and the answer pleaded a failure of consideration, and alleged that they were given on account of the assignment of a contract that plaintiff had with the St. Joseph and Denver City Railroad Company, by which the company agreed to give plaintiff the right to transfer freight and passengers from St. Joseph across the Missouri river to Elwood, and from the latter place back to the former; for which it was agreed that plaintiff, or his assigns, should receive certain specified rates; that the company refused to recognize defendant, or permit him to have anything to do with the business, and so the consideration for which the notes were given entirely failed.

To this answer a replication was filed, in which it was denied that the consideration failed, or that the company refused to recognize defendant, or allow him to proceed under the contract.

Upon this state of the pleadings, the court, without hearing any evidence, on motion, rendered judgment for defendant.

The answer stated a good defense, but after the denials in the replication, its averments should have been proved by evidence. The contract was certainly assignable with the consent of the railroad company, and whether the company agreed to or repudiated the assignment was the only important issue in the case, and that could only be determined by introducing testimony.

Wherefore the judgment must be reversed and the cause remanded; the other judges concur.